ELLIS, Judge:
This is an executory proceeding in which plaintiff Financial Corporation is seeking to foreclose on a mortgage executed by Dolores Lusk, on the ground that the payments on the note secured thereby were in arrears more than one month. Defendant then filed a petition to enjoin the sale, alleging that all payments had been made or tendered timely. After a hearing, judgment was signed granting a preliminary injunction, and plaintiff has appealed.
On December 14,1967, Dolores Lusk purchased from The Wolff Corporation a parcel of ground in East Baton Rouge Parish, and gave in payment for same a promissory note for $9,950.00, bearing interest at eight per cent per annum and payable in monthly installments of $75.00 each. The note does not specify a place of payment, but the sale, with vendor’s lien and mortgage securing the said note provides for payment at American Bank & Trust Company, Baton Rouge, Louisiana.
The record reveals that on May 15, 1978, defendant was advised to send all payments to plaintiff at 110 Veterans Boulevard in Metairie, Louisiana. Thereafter, all payments were made by defendant to that address. In December, 1980, defendant received a handwritten unsigned note, on the letterhead of Financial Corp., P.O. Box 4326, New Orleans, LA., 70178, asking her to refinance her home with another company. She took the letter to her attorney, who wrote plaintiff at the address in the letter as follows:
“I have received a letter purporting to be from Financial Corporation purporting to be dated December of 1980. The letter further purports to ask Ms. Dolores Lusk to refinance her home. No explanation whatsoever is offered for this.”
“Please contact me and explain to me why you wish Ms. Lusk to refinance her property. In any event and in the mean time, Ms. Lusk will continue to make her payments pursuant to her original agreement.”
This letter was returned to plaintiff’s counsel, with another unsigned, handwritten note at the bottom, saying that defendant would be better off dealing with a local company. On January 14,1981, defendant’s counsel replied as follows:
“I have received your postscript returned on my letter of January 8, 1981. However, the memorandum is inadequate. “Initially, let me point out that I continue to have no idea with whom I am dealing. Not only was your original letter to Ms. Lusk not signed, you refused to sign your postscript to me. Thus I have no assurance, indeed I have no evidence at all, that I am dealing with anyone in anyway associated with Financial Corporation. Additionally, I am referred to no agreement or document existing between Ms. Lusk and yourself which allows you to tell her to transfer her financing on the *1103 simple basis you feel she would be better off, a decision certainly relegated to herself.
“I would be more than happy to discuss with you the whys and wherefores of your request if you desire. However, I must first know with whom I am dealing, and I must secondly have a reliable means of continued communication with you. At present, I have a mysterious looking return address a portion of which seems to be continually blocked out.”
There was no further correspondence between the parties, and defendant continued to make her payments to the Veterans Highway address specified in the May 15, 1978, letter. On advice of counsel, all payments were sent by certified mail, and were routinely delivered to plaintiff. However, the payment for September, 1981, and all subsequent payments were returned, marked undeliverable as addressed. Defendant, on advice of counsel, continued to send the payments to the Veterans Highway address because she had no other notice of where to send the payments. Her counsel did not advise her to send the payments to P.O. Box 4326 because of the anonymous nature of the communications received from that address.
This suit was filed on December 23,1981, and a three-day notice to pay was served on defendant. She testified that she immediately took her payments to the office of plaintiff’s counsel. These payments were returned by plaintiff’s counsel to defendant’s counsel.
The trial judge found that all payments had been properly tendered by defendant to plaintiff, since she had never been properly notified to send the payments to any address other than that on Veterans Highway.
In this court, plaintiff argues that it was unreasonable for defendant to continue to forward the payments to the Veterans Highway address, when both she and her attorney were aware of the new mailing address, and that there had therefore been no proper tender of the payment.
R.S. 10:3-604(3) provides, in part:
“Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due, it is equivalent to tender.”
No place of payment is specified in the note, and American Bank and Trust Company is specified in the mortgage. The place of payment specified by plaintiff is the address contained in the letter of May 15, 1978.
Article 2157 of the Civil Code provides: “The payment must be made in the place specified in the agreement. If the place be not thus specified, the payment, in case of a certain and determinate substance, must be made in the place where was, at the time of the agreement, the thing which is the object of it.”
Article 2168 of the Civil Code states, in part:
“To make a real tender valid, it is necessary:

“That the tender be made in the place agreed upon for the payment, or that, if there be no special agreement as to the place of payment, it be made either to the creditor himself, or at his dwelling, or at the house chosen for the execution of the agreement.”
It is clear from the record that the only place of payment agreed to by the parties is that specified in the letter of May 15,1978. The fact that a different address appeared on the letterhead of the unsigned note of December, 1980, is not sufficient to constitute a new agreement as to place of payment. Since all of defendant’s payments were sent to the address specified in the May 15,1978, letter, we agree with the trial judge that there was a proper tender thereof. Under the circumstances, plaintiff is not entitled to bring an executory proceeding because the defendant is not legally in default.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.